﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/19 Archive Date: 01/28/19

DOCKET NO. 181026-713
DATE: January 29, 2019

REMANDED

Entitlement to service connection for migraines is remanded.

FINDINGS OF FACT

1. The Veteran’s right leg scarring is characterized by scars that are superficial and nonlinear and that cover an area of 144 square inches (929 square centimeters) or greater.

2. The Veteran’s right leg scarring is characterized by scars that are not associated with underlying soft tissue damage and that cover an area of 144 square inches (929 square centimeters) or greater.

CONCLUSION OF LAW

The criteria for entitlement to an initial disability rating of 10 percent for right leg scarring have been met. 38 U.S.C. §§ 1155, 5103, 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.118, Diagnostic Code (DC) 7802 (2017); 83 Fed.Reg. 32692 (July 13, 2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran selected the Supplemental Claim lane when he submitted his RAMP election form. Accordingly, the August 2018 RAMP rating decision considered the evidence of record prior to the issuance of the RAMP rating decision. The Veteran timely appealed that decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

By way of background, the Veteran filed his original claim for “signs or symptoms involving the skin” in January 2014 that was followed by a formal claim for service connection for eczema in July 2014. He filed his claim for “headaches” in July 2014 as well. In the September 2014 rating decision that followed, the AOJ granted service connection for eczema with a disability rating of 30 percent, as well as service connection for residual linear scarring and right leg scarring for which noncompensable ratings were assigned. The AOJ denied service connection for migraines. 

In September 2014, the Veteran filed a Notice of Disagreement requesting a compensable rating for his right leg scarring and taking issue with the denial of service connection for migraines. He also indicated that left leg scarring was not service connected even though the examiner identified left leg scarring at his September 2014 VA examination. In February 2018, the Veteran elected to file a Supplemental Claim pursuant to RAMP regarding his claim for service connection for “headaches.” In March 2018, the Veteran attended an informal conference with a Decision Review Officer to discuss all conditions on appeal, including service connection for his left leg scarring. Afterward, in an April 2018 letter, the AOJ confirmed that the Veteran had elected to participate in RAMP regarding his headaches and right leg scarring and that these conditions were considered withdrawn from their current appeal stream. 

In the August 2018 RAMP rating decision that followed, service connection for migraines was denied once again, as was entitlement for a compensable rating for right leg scarring. At that point, the Veteran elected direct review of his claims at the Board and he reasserted that his claim regarding his left leg scarring had not yet been addressed. Confusingly, as described next, left-leg scarring was service connected separately. Later, in an October 2018 rating decision, service connection for left leg scarring due to eczema was granted and a noncompensable disability rating was assigned with an effective date of July 12, 2018. The Veteran has not yet appealed the decision regarding left leg scarring, and this matter is not presently before the Board.

The Board will now consider service connection for migraines and entitlement to a compensable disability rating for right leg scarring.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

Entitlement to an initial compensable rating for right leg scarring to August 21, 2018

The Veteran asserts that he is entitled to a compensable rating for his right leg scarring because the area covered by his scars is greater than 929 centimeters squared. 

Disability ratings are determined by evaluating the extent to which a veteran’s service-connected disability adversely affects his ability to function under the ordinary conditions of daily life, including employment, by comparing the symptomatology with the criteria set forth in the Schedule for Rating Disabilities (Rating Schedule). 38 U.S.C. § 1155; 38 C.F.R. §§ 4.1, 4.2, 4.10.

Where there is a question as to which of two ratings shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. 

In evaluating a disability, the Board considers current examination reports in light of the entire record to ensure that the current rating accurately reflects the severity of the condition. The Board has a duty to acknowledge and consider all regulations that are potentially applicable. Schafrath v. Derwinski, 1 Vet. App. 589 (1991); 38 C.F.R. §§ 4.1, 4.2, 4.10.

The Veteran’s right leg scarring was rated at 0 percent disabling under DC 7802, which provides that a compensable rating is not assigned unless there is a burn scar or scar due to other causes, not of the head, face or neck, that is superficial and nonlinear and that has an area or areas of 144 square inches (929 square centimeters) or greater. 38 C.F.R. § 4.118, DC 7802.

During the pendency of this appeal, the rating criteria for disabilities of the skin were amended and the final rule went into effect on August 13, 2018. 83 Fed. Reg. 32592 (Jul. 13, 2018). When there is a change in the rating criteria during an appeal period, the Board must consider a claim in light of both the former and revised rating criteria, although an increased rating based on the revised criteria cannot predate the effective date of the amendments. 

In relevant part, under the new amendments, the reference in DC 7802 to “superficial and nonlinear scars” was changed to scars “not associated with underlying tissue damage.” Similarly, DC 7801, which provides various disability ratings for varying sizes of scars that are “deep and nonlinear,” was changed to provide those same ratings for scars that are “associated with underlying soft tissue damage.” 

The Veteran was afforded a VA examination for his scars in September 2014. The examiner reported that the Veteran has scars related to multiple episodes of eczema on both thighs, front and back, and on his right anterior lower leg. He noted that the scars are neither painful nor unstable. When prompted to provide details of the scars on the Veteran’s truck and right extremity, the examiner noted scars on all of the anterior and posterior thigh. He separately noted scars on the anterior lower leg that are superficial and nonlinear and that measured 1.56 centimeters by 26 centimeters and 2.28 centimeters x 1 centimeter. In total, the examiner found extensive superficial and non-linear scars for the right lower extremity measuring an approximate total area of 1,484 centimeters squared. 

In a November 2016 VA examination that primarily addressed scarring on other parts of the Veteran’s body, the examiner remarked that the Veteran has scars on his right lower extremity that are “too numerous to count.” Later, in June 2018, the Veteran underwent another VA examination for scarring. The examiner noted that the Veteran has “too many scars to count that are of varying degrees of severity and affect both ant[erior] and post[erior] aspect of bilateral legs, bilateral groin, hips, buttocks and back.” He noted that the scars are well-healed and stable. 

Based on the foregoing, the Board finds that the Veteran is entitled to a 10 percent rating for right leg scarring for the entire period on appeal because the evidence shows that his scars are superficial and nonlinear and that they cover an area of 144 square inches (929 square centimeters) or greater. As for the recent amendments to DC 7801 and DC 7802 that distinguish scars based on those that are “associated with underlying soft tissue damage” and those that are not, the Board finds that the September 2014 examiner’s description of the Veteran’s scars as “superficial” indicates that they are not associated with underlying soft tissue damage and, thus, DC 7802 continues to be the applicable diagnostic code for the Veteran’s right leg scarring.

There are no other diagnostic criteria that could provide higher ratings in excess of that assigned. DC 7800 applies to scars of the head, face or neck, DC 7801 applies to scars that are deep and nonlinear or “associated with underlying soft tissue damage,” and DC 7804 applies to scars that are unstable or painful. None of those characteristics apply in this case. 

Accordingly, the Board finds that the criteria for a 10 percent rating for right leg scarring is met, and the Veteran’s claim is granted. 

REASONS FOR REMAND

Entitlement to service connection for migraines is remanded.

This issue is remanded to correct a duty to assist error that occurred prior to the August 2018 RAMP rating decision on appeal. The AOJ obtained VA examinations in September 2014, July 2015 and June 2018, prior to the rating decision in question. However, none of the opinions provide an adequate rationale regarding whether the Veteran’s migraines (claimed as headaches) are caused or aggravated by the medication that he is prescribed for his service-connected eczema. Specifically, the September 2014 VA examination provides no nexus opinion at all, while the July 2015 VA examination acknowledges the Veteran’s assertion that his triamcinolone causes his headaches, but discounts it without addressing multiple articles of record that show headaches as a side effect. The June 2018 examination also fails to provide a nexus opinion, stating only that eczema itself and headaches are not medically related, and that a nexus opinion regarding medication for eczema would not be offered because “that wasn’t the opinion requested.” 

Based on the foregoing, a new VA medical opinion is required before a decision can be made on this claim. 

This matter is REMANDED for the following action:

Obtain an addendum opinion from an appropriate clinician regarding whether the Veteran’s headaches / migraines are at least as likely as not caused by or aggravated beyond their natural progression by any medications that are currently or formerly prescribed to the Veteran’s service-connected eczema.

 

K. PARAKKAL

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Freda J. F. Carmack, Associate Counsel